■ Nor did Boulware establish a "significantly protectable interest" in the summons enforcement proceedings. We need not decide whether *Donaldson v. United States*, 400 U.S. 517, 530–31, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), remains in force after the passage of § 7609(b)(1), because under either *Donaldson* or the statute, the IRS did not improperly seek to obtain evidence for use in the criminal case against Boulware.

**Michael H. BOULWARE, Petitioner,**

and

**HIE Holdings Inc.; et al., Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Michael H. Boulware, Petitioner–Appellant,**

and

**HIE Holdings Inc.; et al., Petitioners,**

v.

**United States of America, Respondent–Appellee.**

Nos. 04–15645, 04–15688.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 19, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

[redacted] 

[redacted]

Reinwald O'Connor & Playdon, Honolulu, HI, for Petitioner.

Lyle S. Hosoda, Esq., Raina P. Mead, Esq., Lyle S. Hosoda & Associates, Honolulu, HI, for Petitioners–Appellants.

R. Michael Burke, Esq., Office of the U.S. Attorney, Honolulu, HI, Frank P. Cihlar, Gretchen M. Wolfinger, Esq., Norma J. Schrock, Esq., Samuel A. Lambert, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

[redacted]

Before: RYMER and THOMAS, Circuit Judges, and LARSON **, District Judge.

MEMORANDUM ***

Michael H. Boulware and his closely held corporation, Hawaiian Isles Enterprises (HIE), challenge various district court rulings rejecting their attempts to block summonses issued by the Internal Revenue Service (IRS). The summonses were directed to Michael's brother, Sidney Boulware, in his capacity as President of HIE and a related corporation, HIE Holdings. They sought production of various "books, records, papers, and other data relating to the tax liability" of the two companies, including documents having to do with transactions between HIE and Boulware, his girlfriend, and his ex-wife. The district court dismissed Boulware's petition to quash the HIE summons under 26 U.S.C. § 7609 for lack of jurisdiction. It held that Boulware was not entitled to

Fed. R.App. P. 34(a)(2).

** The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

notice of the summons because HIE, to which it was directed, was not a "third-party record keeper." We affirm on Boulware's appeal and dismiss HIE's appeal as moot.

 HIE's appeal fails for two reasons. First, it lacks standing because its only arguments pertain to the adverse ruling against *Boulware*. Second, having not appealed from the subsequent ruling in a separate action (No. 04–17172) enforcing the summons against it, its challenge in this case is moot.

 Whether or not the district court correctly applied the "third-party record-keeper" requirement under the version of § 7609 in effect in 2003, *see* Pub.L. 105–206, § 3415, 112 Stat. 685, 755–56 (1998) (removing third-party recordkeeper references), the IRS made the "minimal showing" required to dispute Boulware's claim that he (rather than HIE and Holdings) was the target of the IRS investigation. *See United States v. Blackman*, 72 F.3d 1418, 1422 (9th Cir.1995) (*citing United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)). The district court did not clearly err in finding that the target was HIE, not Boulware. The summons itself identifies HIE, most of the requested documents had nothing to do with Boulware, and Boulware is mentioned only in the context of his transactions with HIE. In addition, IRS Agent Lum's declaration show that he was conducting an examination into tax liabilities of HIE. *See id.*, 72 F.3d at 1422; *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993) (stating that the government's burden may be satisfied by a declaration that the *Powell* requirements have been met).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

AFFIRMED (No. 04–15688); DISMISSED (No. 04–15645).